# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

IVAN CHEN, )
)
)
        **Plaintiff,** )
)
v. )
) Case No. 13-2358-CM
DILLARD STORE SERVICES, INC., )
)
)
        **Defendant.** )
)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Ivan Chen's Motion to Remand to State Court (Doc. 12). Plaintiff filed this pro se action for slander and employer negligence against defendant Dillard Store Services, Inc. in the District Court of Johnson County, Kansas.[1] Plaintiff's state-court petition seeks "an amount of $50,000 for his compensatory damages such as financial costs, loss of reputation, emotional distress, public embarrassment and humiliation, legal expenses and for such other and further relief as the court may deem just, fair and equitable." (Doc. 1-1 at 16.) Plaintiff's petition notes that the $50,000 amount for compensatory damages was a "conservative estimate of damages." (*Id.*) In addition, plaintiff attached an exhibit detailing past similar cases where courts granted damages for emotional distress in amounts ranging from $2,500 to $300,000. (Doc. 1-1 at 21–24.) Plaintiff's petition also seeks punitive damages.

---

[1] The court is mindful of plaintiff's pro se status and liberally construes his motion. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). However, the court will not "assume the role of advocate" for a pro se party. *Id.*

-1-

Defendant removed the case to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). It is undisputed that the parties are citizens of different states; however, the parties dispute whether more than $75,000 is at stake. For the following reasons, the court denies the motion.

As the removing party, defendant carries the burden of establishing that federal jurisdiction exists. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). Federal courts are courts of limited jurisdiction. For this court to hear an issue arising under state law, diversity jurisdiction must exist under 28 U.S.C. § 1332. *Firstar Bank, NA v. West-Anderson*, No. 02-2224-CM, 2003 WL 21313849, at *3 (D. Kan. Apr. 22, 2003). This statute requires two elements: (1) diversity of citizenship and (2) an amount in controversy exceeding $75,000. *Id.* The court acknowledges that there is a presumption against federal jurisdiction. *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). And any doubts should be resolved in favor of remand. *Id.* (citing *J.W. Petroleum, Inc. v. R.W. Lange*, 787 F. Supp. 975, 977 (D. Kan. 1992)).

"Where the state-court petition does not allege over $75,000 in controversy, the removing defendant must show by a preponderance of evidence that the jurisdictional threshold is met."[2] *Johnson v. Travelers Indem. Co.*, No. 12-2491-CM, 2012 WL 4887445, at *1 (D. Kan. Oct. 15, 2012) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008)). To satisfy the preponderance of evidence standard, a defendant must prove jurisdictional facts—not jurisdiction. *McPhail*, 529 F.3d at 954. When the complaint's allegations of the amount in controversy are not dispositive, the court looks to the allegations in the notice of removal. *Firstar Bank, NA*, 2003 WL 21313849, at *4 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Proof may come from "contentions,

---

[2] The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA") reiterated the preponderance of the evidence standard by amending 28 U.S.C. § 1446(c)(2). *Dart Cherokee Basin Operating Co. v. Owens*, No. 13-603, 2013 WL 5200399, at *5 (10th Cir. Sept. 17, 2013).

interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *McPhail*, 529 F.3d at 954. This non-exclusive list allows a party flexibility in its methods of establishing the amount in controversy. *Id.* ("Any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint . . . .").

Once the defendant meets this burden, "uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id*. at 955 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) (quotation marks omitted)). Unless it is legally certain the controversy is worth less than the jurisdictional minimum, the case should stay in federal court. *McPhail*, 529 F.3d at 954.

At first, it appears that plaintiff asks for only $50,000 in compensatory damages. But defendant has pointed to evidence suggesting otherwise. The court may look to allegations in the notice of removal, including calculations from the complaint's allegations and references to the plaintiff's estimates. *Firstar Bank, NA*, 2003 WL 21313849, at *4; *McPhail*, 529 F.3d at 954. Here, defendant's notice of removal pointed to plaintiff's characterization of the $50,000 amount in his state-court petition as a "conservative estimate." Defendant's response also notes that plaintiff asks for recompense for "financial costs, loss of reputation, emotional distress, public embarrassment and humiliation, legal expenses and for such other and further relief as the court may deem just, fair and equitable." (Doc. 1-1 at 16.) Further, defendants point to an exhibit plaintiff attached to his state-court petition that listed instances when courts have granted more than $50,000, including—among other

examples—awards of $100,000 for depression and $250,000 for sleeplessness. (Doc. 1-1 at 21–24.) These types of damages (among others) are specifically claimed in plaintiff's petition.

Plaintiff also made a claim for unlimited punitive damages. Although plaintiff claims he is unlikely to get punitive damages, the court must consider how much he *may* recover. *See Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) (citation omitted) (allowing the court to consider punitive damages in its determination of the amount in controversy). Kansas allows an award of punitive damages of up to the lesser of "(1) the annual gross income earned by the defendant . . . for any one of the five years immediately before the act for which such damages are awarded; or (2) $5 million." Kan. Stat. Ann. § 60-3701. Here, plaintiff asked for punitive damages "in an amount that the court may deem necessary, just and equitable." (Doc. 1-1 at 16.) Plaintiff has not shown it is legally certain he will not recover punitive damages.

Defendant has proven facts supporting jurisdiction by a preponderance of the evidence. Defendant relied on plaintiff's request of $50,000 for compensatory damages, plaintiff's description of the $50,000 amount as a "conservative estimate," the attached exhibit detailing damage awards in similar cases, and plaintiff's request for unlimited punitive damages. Based on this evidence, it is not legally certain that the amount in controversy is less than the jurisdictional minimum. For these reasons, plaintiff's motion to remand is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand to State Court (Doc. 12) is denied.

Dated this 16th day of October, 2013, at Kansas City, Kansas.

> s/ Carlos Murguia
> **United States District Judge**