**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IVAN CHEN, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-2358-CM |
| DILLARD STORE SERVICES, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Dillard Store Services, Inc.'s Second Motion to Dismiss (Doc. 17). Defendant argues that pro se plaintiff Ivan Chen's claims in this case have already been adjudicated in an arbitration proceeding, are barred by res judicata, and should be dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons below, defendant's motion is granted.

### I. Procedural and Factual Background

As detailed in defendant's motion, plaintiff has filed several lawsuits in state and federal court involving facts similar to those in this case. Plaintiff filed, and defendant removed, Case No. 12-2366-CM-DJW ("Lead Case"), in which plaintiff brought sexual harassment, racial harassment, and discriminatory and retaliatory termination claims under 42 U.S.C. § 1981 and Title VII. Another case was filed and removed, Case No. 12-2517-CM-DJW ("Member Case"). In that case, plaintiff asserted a claim of libel and slander under Kansas law. The court consolidated these cases ("Consolidated

---

[1] The court is mindful of plaintiff's pro se status and liberally construes his pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). However, the court will not "assume the role of advocate" for a pro se party. *Id*.

-1-

Cases"), stayed all proceedings, ordered the parties to proceed to arbitration. (Case No. 12-2366-CM-DJW, Doc. 20.)

On October 18, 2012, plaintiff filed his Notice of Intent to Arbitrate with the American Arbitration Association ("AAA"); he then filed his AAA Claim, in which he asserted all of the claims raised in the Consolidated Cases. (Doc. 9-1.) Plaintiff also, for the first time, raised an employer negligence claim. (*Id.* at 59–60.) The arbitrator held an evidentiary hearing in the arbitration on July 1-2, 2013. Plaintiff and defendant submitted post-hearing briefs. On August 1, 2013, the AAA issued its Opinion and Final Award, denying all of plaintiff's claims. (Doc. 15-1.)

Before the AAA opinion issued, plaintiff filed the instant case in the District Court of Johnson County, Kansas, on June 20, 2013. Defendant removed the case on July 18, 2013. Plaintiff asserts slander and employer negligence claims against defendant in this case.

## II. Legal Standard

In reviewing a Rule 12(b)(6) motion to dismiss, the court assumes as true all well-pleaded facts and construes any reasonable inferences from these facts in favor of plaintiffs. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, they must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

## III. Discussion

Defendant argues that plaintiff's claims in this case of slander, negligent employment, and sexual harassment (to the extent that claim is implicated by the negligent employment claim) are

barred by res judicata.[2] The doctrine of res judicata provides that parties or their privies may not relitigate any claims that were or could have been raised in an action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata requires satisfaction of three elements: (1) a final judgment on the merits in the previous action; (2) the parties must be identical or in privity; and (3) both suits must be based on the same cause of action. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (citing *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

As to the first element, a final judgment on the merits was reached in the previous action. The Consolidated Cases were ordered to arbitration and a final arbitration decision was issued, resulting in the denial of all of plaintiff's claims. The Tenth Circuit has held that res judicata applies to final arbitration decisions. *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1147 (10th Cir. 2007) (citing *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th. Cir. 2005)). Under the second element, there is no dispute that the parties are identical.[3] The real question in this case is whether the claims in the Consolidated Cases and those in the instant case are based on the same cause of action under the third element.

The chart below reflects the claims brought in each of the actions at issue:

---

[2] This opinion does not separately address a sexual harassment claim, as plaintiff's state-court petition did not include this claim.

[3] Plaintiff captioned his first case "*Chen v. Dillard's, Inc.*" and his second case "*Chen v. Dillard's*." (Case Nos. 12-2366-CM-DJW and 12-2517-CM-DJW). Plaintiff correctly identified defendant in his AAA claim and in this case, captioning both as "*Chen v. Dillard Store Services, Inc.*" (Docs. 15-2 at 2 and 1-1 at 3.) Defendant has clarified the incorrect captions in each case and there is no question that the plaintiff in each case and the AAA claim is Ivan Chen, and the defendant is Dillard Store Services, Inc.

| Case | Claims Involved | Resolution |
|---|---|---|
| Lead Case | Sexual harassment; racial harassment; discriminatory termination; and retaliatory termination | Ordered to arbitration→see "Arbitration for Consolidated Cases" |
| Member Case | Libel/slander | Ordered to arbitration→see "Arbitration for Consolidated Cases" |
| Arbitration for Consolidated Cases | All of claims in Lead Case and Member Case **plus** employer negligence | Final arbitration decision denied all of plaintiff's claims |
| Instant Case | Slander; and employer negligence | |

**Slander Claim**

Defendant argues that plaintiff included a libel/slander or slander claim in the Member Case, in his AAA claim, and in the instant case. In the Member Case, however, the libel/slander claim appears to involve a different defamation claim. The Member Case involves a spoken and written statement allegedly made by a store manager, Jim Macumber, regarding the reason for plaintiff's termination. The statement revolved around an incident between plaintiff and a former co-worker, Julia Phares, in which plaintiff allegedly yelled at Ms. Phares in front of customers.

Regardless, the facts underlying plaintiff's slander claim in this case were put before the arbitrator in the arbitration for the Consolidated Cases. In the instant case, plaintiff's slander claim involves statements allegedly made by Ms. Phares and several of defendant's other employees when plaintiff visited defendant's store following his termination on July 13, 2012, and August 13, 2012. Specifically, plaintiff's state-court petition states that "Phares published a false statement on July 13, 2012 to a coworker . . . that '[plaintiff] was told not to enter Dillard's building. If he comes to Dillard's store, we are supposed to call security.'" (Doc. 1-1 at 12.) The petition also states that

-4-

"plaintiff was asked to leave the store at once on August 13, 2012 by another two employees, who heard that plaintiff has been barred from entering Dillard's." (*Id*. at 13.)

Plaintiff's post-hearing brief submitted to the arbitrator included identical facts. Plaintiff's brief states that "Phares admitted that she published a slander against [plaintiff] on July 13, 2012, that Chen was told not to enter Dillard's and security would be called should he enter." (Doc. 15-2 at 21.) The brief also states that "[o]n August 13, 2012, [plaintiff] attempted to shop at Dillard's but was told by two sales associates to leave the store at once because they had heard that [plaintiff] was barred from Dillard's." (*Id*.)

Defendant's post-hearing brief likewise addressed the alleged incidents on July 13, 2012, and August 13, 2012. (Doc. 15-3 at 11–12.) Defendant's brief also discussed the affidavit of Steven Finter, which plaintiff submitted as an exhibit both in the arbitration and in the instant case. (Docs. 15-3 at 12; 1-1 at 18–19; 22-2.) In addition, defendant's brief included proposed conclusions of law regarding plaintiff's slander/libel claims based on these same facts. (Doc. 15-3 at 17.) And plaintiff conducted discovery and offered evidence at the arbitration hearing regarding his alleged banning from defendant's store. (*See* attachments to Doc. 22 (consisting of documents associated with the arbitration).)

Based on these facts, it is clear that plaintiff's slander claim in the instant case is based on the same cause of action as his libel/slander claim raised in his AAA claim in arbitration for the Consolidated Cases.

**Negligent Employment Claim**

As is stated above, res judicata bars parties "from relitigating issues that were or **could have been** raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *Stieber v. Journal Pub. Co.*, No. 96-2098, 127 F.3d 1109, at *1 (10th Cir. 1997) (citing *King*,

117 F.3d at 445). If a subsequent suit involves a claim that was not, but **could have been** raised in a previous action, "the focus of the res judicata analysis is not primarily whether the precluded claim is based on similar operative facts or legal theories as those posited in the earlier suit. The question is whether the claims in both suits arise from the same 'cause of action.'" *Id.* (internal citations omitted).

To determine whether claims arise from the same cause of action, the Tenth Circuit utilizes the transactional approach. *Id.* Under the transactional approach, "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). The *Steiber* court explained that

> "[A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a 'transaction' or a 'series' is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit."

127 F.3d at *2 (quoting *King*, 117 F.3d at 445).

In *Stieber*, the plaintiff's first suit involved a Title VII discrimination claim and numerous retaliation claims. *Id.* at *1. Several of the plaintiff's claims were dismissed and a jury verdict was entered against the plaintiff on two remaining claims. *Id.* The plaintiff then brought a second suit with a Title VII constructive discharge claim, which was dismissed with prejudice by the district court under res judicata. *Id.* The Tenth Circuit applied the transactional approach and affirmed the dismissal, finding that both claims were related to the same employment transaction. *Id.* at *2. The court explained:

> Where, as here, the operative facts are overlapping . . . and where both the facts and claims relate exclusively to appellant's employment relationship, . . . we agree with the district court that [the plaintiff]'s second suit arises from the same cause of action, or "employment transaction," as her first suit.

*Id.* (internal citations omitted).

-6-

Similarly, plaintiff's negligent employment claim in the instant case arises from the same cause of action, or "employment transaction" as his claim raised in the arbitration. The transaction at issue here is defendant's employment of Julia Phares, plaintiff's former co-worker. And the broader transaction is plaintiff's employment and termination by defendant.

In the instant case, plaintiff claims that defendant was negligent in its hiring, retention, supervision, and training of Ms. Phares. Plaintiff's claim states that Ms. Phares "is a person of shady background." (Doc. 1-1 at 14.) Plaintiff includes factual allegations that Ms. Phares had a "nasty attitude toward customers" and that defendant improperly hired this unfriendly person. (*Id.*) The factual allegations also include statements that Ms. Phares was previously a "two-time professional stripper" and that she sexually harassed plaintiff. (*Id.* at 4.) Plaintiff alleges that Ms. Phares made defamatory remarks about him and other customers. Plaintiff claims that defendant was negligent for retaining Ms. Phares with knowledge of these facts and for failing to supervise and train her.

Plaintiff's post-hearing arbitration brief cites slightly different—though still closely related in time and origin—facts to support his negligent employment claim. Plaintiff's brief argues that defendant failed to conduct a thorough background check on Ms. Phares before hiring her and that defendant was negligent when it placed her, allegedly a "two-time professional stripper" in the men's department "where she was given ample opportunities to interact with many male employees and customers." (Doc. 15-2 at 22.) And plaintiff claims that defendant failed to properly supervise and train Phares or reassign her to a different department after allegedly learning that she "had problems with some male employees." (*Id.* at 23.) Finally, plaintiff argues that defendant acted negligently by allowing Ms. Phares to continue to make defamatory statements about plaintiff.

Defendant's post-hearing brief also addressed these factual allegations, describing its interview and routine background check of Ms. Phares. (Doc. 15-3 at 3.) Defendant argued that plaintiff had

not shown that Ms. Phares was incompetent for her position, that defendant knew of such alleged incompetence, or that plaintiff was injured as a result of any incompetence of Ms. Phares. (*Id.* at 12.) Defendant's brief provided proposed conclusions of law addressing the same issues. (*Id.* at 17–18.) Finally, the AAA Opinion and Final Award found that "Ms. Phares was qualified for the position of Sales Associate with [defendant]." (Doc. 15-1 at 3.)

To summarize, plaintiff's claim in the instant case is based more on defendant's negligence in relation to the hiring, supervision, and training of Ms. Phares, someone plaintiff claims has a "shady background," is unfriendly toward customers, and makes defamatory statements about plaintiff and other customers. Plaintiff's arbitration claim focused more on defendant's alleged failure to conduct a background check, its assignment of Ms. Phares to the men's department, and its negligence in relation to defamatory statements allegedly made by Phares. In both the instant case and the arbitration, plaintiff discusses Ms. Phares's former position as a "two-time professional stripper."

Although plaintiff's claims focus on slightly different facts, the transaction at issue is defendant's employment of Ms. Phares (and, in a broader sense, defendant's employment and termination of plaintiff). Just as the plaintiff's claims in *Stiebler* (discrimination and retaliation claims in the first suit and a constructive discharge claim in the second suit) were part of the same "employment transaction," plaintiff's negligent employment claims here both stem from the same transaction. *See* 127 F.3d at *2; *see also Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411–12 (10th Cir. 1997) ("[F]ederal decisions in employment cases have determined under both federal and state law of judgments that where the thrust of both lawsuits is whether the plaintiff was wrongfully discharged, an adverse judgment in the first suit bars the second.") (quoting *Ford v. N.M. Dep't of Pub. Safety*, 891 P.2d 546, 554 (N.M. Ct. App. 1994)).

**AAA Opinion and Final Award**

There is no question that the factual allegations underlying plaintiff's slander claim in the instant case were put before the arbitrator. The same is true for plaintiff's negligent employment claim. Both of these claims were denied in the AAA's Opinion and Final Award. (*See* Doc. 15-1 at 7 (holding that "[plaintiff] has failed to prove defamation; he failed to prove [defendant] made any false statement" and "[plaintiff] has failed to prove that [defendant] negligently hired or retained Ms. Phares").) As such, the third element of res judicata—that both suits must be based on the same cause of action—is satisfied.[4]

### IV. Conclusion

Plaintiff has filed multiple lawsuits against defendant, several of which involve the same facts at issue here. Plaintiff cannot relitigate claims that were or could have been raised in previous actions involving the same parties and were resolved by a final decision. To allow plaintiff to do so would undermine the rationale of the res judicata doctrine. *See B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 327 F. Supp. 2d 1252, 1261 (D. Kan. 2004) (applying res judicata to an arbitration award and stating that "the application of res judicata . . . avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action"). Plaintiff's claims in the instant case were fully adjudicated by the AAA's Opinion and Final Award in the Consolidated Cases. The parties are identical, there has been a final judgment on the merits, and both suits were based on the same causes of action. Therefore, plaintiff's claims are barred by res judicata.

**IT IS THEREFORE ORDERED** that defendant's Second Motion to Dismiss (Doc. 17) is granted.

Dated this 17th day of October, 2013, at Kansas City, Kansas.

---

[4] Plaintiff makes an unsupported argument that he did not have a full and fair opportunity to be heard in the arbitration. Plaintiff points to no deficiency in the arbitration proceeding that prevented him from fully raising or presenting his claims. This argument fails.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**