**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IVAN CHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-2358-CM |
| DILLARD STORE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Ivan Chen's motion for reconsideration (Doc. 30) and motion to alter judgment (Doc. 32). For the reasons below, the court denies both motions.

**I. Background**

Plaintiff has filed several lawsuits in state and federal court related to his employment with and termination from defendant Dillard Store Services, Inc.'s store. On September 19, 2012, this court consolidated two related cases, stayed all proceedings, and ordered the parties to proceed to arbitration. Before the arbitration opinion issued, plaintiff filed the instant case in the District Court of Johnson County, Kansas, on June 20, 2013. Defendant removed this case on July 18, 2013. On July 26, 2013, the court stayed this case pending the arbitrator's decision regarding the consolidated cases. Despite the imposition of the stay, plaintiff filed a motion to remand to state court (Doc. 12) on July 31, 2013.

The arbitrator held an evidentiary hearing in the arbitration on July 1–2, 2013. Plaintiff and defendant submitted post-hearing briefs. On August 1, 2013, the arbitrator issued its Opinion and Final Award, denying all of plaintiff's claims. The court lifted the stay in this case on August 5, 2013. That same day, defendant filed its second motion to dismiss. On October 16, 2013, the court issued an

order denying plaintiff's motion to remand (Doc. 27). And on October 17, 2013, the court issued an order granting defendant's second motion to dismiss (Doc. 28). Plaintiff then filed the now-pending motions. Defendant filed responses to both motions, and plaintiff did not file a reply to either motion.

**II.     Legal Standard**

Under both Local Rule 7.3(b) and Federal Rule of Civil Procedure 59(e), there are three grounds that may justify reconsideration: (1) "an intervening change in controlling law"; (2) the "availability of new evidence"; or (3) "the need to correct clear error or prevent manifest injustice." *Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp. 2d 1206, 1208 (D. Kan. 1998) (citation omitted). The decision whether to grant or deny a motion to reconsider is within the court's sound discretion. *In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192 (D. Kan. 1999) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)) (additional citation omitted).

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, "it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citation omitted). More importantly, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

**III.    Discussion**

**Motion for Reconsideration (Doc. 30)**

In this motion, plaintiff asks the court to reconsider its October 16, 2013 order denying plaintiff's motion to remand (Doc. 27). Plaintiff titled this motion as a "Motion to Reconsider." (Doc.

30 at 1.) However, plaintiff cites Federal Rule of Civil Procedure 59(e) as the basis for his motion. An order denying a motion to remand is a non-dispositive order. Local Rule 7.3(b) governs a motion seeking reconsideration of a non-dispositive order. Conversely, Federal Rule of Civil Procedure 59(e) applies to dispositive orders. Thus, the proper authority under which plaintiff seeks relief is Local Rule 7.3(b).

Under Local Rule 7.3(b), a motion for reconsideration must be filed within fourteen days after the non-dispositive order is filed. The court issued its order denying plaintiff's motion to remand on October 16, 2013. (Doc. 27). Plaintiff's motion under this rule was therefore due October 30, 2013. Plaintiff's motion filed on October 31, 2013, is untimely and can be denied on this basis. *Cardozo v. Home Depot U.S.A., Inc.*, No. 10-2011-JWL, 2010 WL 4386908, at *1 (D. Kan. Oct. 29, 2010) (denying as untimely a motion for reconsideration filed one day after deadline by represented plaintiff); *Goldwyn v. Donahoe*, No. 12-4099-JTM, 2013 WL 5274249, at *2 (D. Kan. Sept. 17, 2013) (denying motion for reconsideration filed fifteen days late by pro se plaintiff).

However, even considering the merits of plaintiff's motion, it still must be denied. Plaintiff's motion for reconsideration does precisely what the cases above state it cannot do—it revisits issues already addressed, puts forth additional arguments that were formerly available, and attempts to make a stronger case by enhancing arguments that previously failed. *See Coffeyville*, 748 F. Supp. 2d at 1264; *Voelkel*, 846 F. Supp. at 1483. After carefully reviewing plaintiff's motion, the court finds no grounds that warrant reconsideration. Plaintiff's motion contains no intervening change in controlling law and no new evidence. Plaintiff's motion arguably invokes the third requirement of the need to correct clear error or prevent manifest injustice. Plaintiff essentially argues that the court was not mindful of plaintiff's pro se status. But the court was, in fact, mindful of plaintiff's pro se status: the court acknowledged it in a footnote (Doc. 27 at 1) and considered plaintiff's motion with this fact in

mind. The court finds no manifest injustice in its acknowledgment of plaintiff's pro se status or in the way it handled plaintiff's case.

Plaintiff also states that he may have misused the term "conservative estimate" and that he attached his damages exhibit to his petition simply to indicate that his lawsuit is not frivolous. And plaintiff even states that he does not agree with the damage amounts listed in the exhibit that he provided. But plaintiff again rehashes arguments made in previous briefing. Plaintiff acknowledges that he "made his point clear in his *Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand*, but the Court was not mindful in considering his reasoning." (Doc. 31 at 2.) In its order, the court considered the evidence before it—including plaintiff's "conservative estimate" and the attached exhibit provided by plaintiff—and the court will not allow plaintiff to attempt to withdraw or detract from this evidence. The court finds no clear error or manifest injustice.

Plaintiff similarly re-raises arguments regarding his punitive damages claim, and the court denies these for the same reasons. Plaintiff has failed to state an adequate basis for reconsideration and his motion is denied.

**Motion to Alter Judgment (Doc. 32)**

For a motion to alter judgment under Federal Rule of Civil Procedure 59(e), one of the three grounds listed above must be present. Again, plaintiff alleges no intervening change in controlling law. Liberally construing plaintiff's motion, he arguably raises arguments under the two other categories, however.

First, plaintiff presents additional evidence, attaching exhibits A, B, C, and D to his motion. But plaintiff does not allege that these documents are "new" or were previously unavailable. *See Servants of Paraclete*, 204 F.3d at 1012 (noting that new evidence must be previously unavailable). Exhibit A includes several interrogatories and answers in one of the cases plaintiff filed against Julia

Phares in state court. The exhibit states that Phares responded to the interrogatories on or about October 18, 2012. (Doc. 33 at 19.) Exhibit A was therefore available to plaintiff during the briefing of defendant's second motion to dismiss, which was filed on August 5, 2013. And, as defendant explains, Exhibits B, C, and D were all apparently produced by defendant to plaintiff during arbitration. (Doc. 41 at 7; 41-1.) None of this evidence is new or previously unavailable and no alteration or amendment of the court's order on this basis is required.

Second, although not raised explicitly, plaintiff appears to argue that the judgment should be altered or amended based on clear error or to prevent manifest injustice. Here, plaintiff again takes issue with the court's alleged failure to be mindful of his pro se status. For the same reasons as above, this argument is rejected.

Plaintiff's main argument is that the court mistakenly found that plaintiff's negligent employment claim in the instant case arises from the same cause of action as his claim raised in the arbitration. Plaintiff quotes the following portion of the court's October 17, 2013 order:

> Similarly, plaintiff's negligent employment claim in the instant case arises from the same cause of action, or "employment transaction" as his claim raised in the arbitration. The transaction at issue here is defendant's employment of Julia Phares, plaintiff's former co-worker. And the broader transaction is plaintiff's employment and termination by defendant.

(Doc. 33 at 3 (quoting Doc. 28 at 7).)

Plaintiff claims that the court misunderstood his position regarding his negligent employment claim in this case. He essentially argues that the court erred when it focused only on Phares in finding that the claim was related to the claim resolved in the arbitration. Plaintiff argues that his claim in this case also involved defendant's training and supervising of the other two employees who allegedly kicked him out of defendant's store on August 13, 2012. And plaintiff's motion also contains some

-5-

vague and conclusory allegations regarding defendant's failure to protect plaintiff as a customer from being mistreated by its employees.

After careful review of the petition, the court finds no error or misunderstanding. Count 2 is titled "Employer Negligence under Kansas Statute Annotated Chapter 60." (Doc. 1-1 at 14.) Count 2 is then separated into two sections, titled "Negligent Hiring" and "Negligent Retention, Supervision and Training." (*Id*. at 14–15.) There is no question that the "Negligent Hiring" section focuses solely on Phares. As for the "Negligent Retention, Supervision and Training" section of Count 2, this section also focuses on Phares, specifically stating that "[b]ased on the uncontroverted facts described in paragraph 30, plaintiff has provided documents and evidences to defendant many times concerning the character of Julia Phares since August 2011." (*Id*. at 15.) Paragraph 30 states:

> Since his being discharged in August 2011, plaintiff has provided documents and evidences to defendant many times concerning the character of Julia Phares and her violation of multiple rules. Defendant has known about Phares's shady background and work behaviors. Yet, defendant has failed to take corrective disciplinary actions and continues to allow this employee to make defamatory statements about the customers.

(*Id*. at 11.) The rest of the section again references the "character of Julia Phares," her "shady background and work behaviors," and cites defendant's failure to take disciplinary actions. (*Id*. at 15.)

This section does contain the following information:

- that plaintiff was kicked out of defendant's store "by two other employees";
- some vague references to defendant's failure to ensure plaintiff's safety and properly hire, retain, supervise, and train its employees; and
- allegations that defendant discriminates against minority employees and customers.

But these allegations do not change anything—even a liberal reading of this section does not convince the court that it misunderstood plaintiff's claim. The court did not understand this count to raise a negligent employment claim with respect to anyone other than Julia Phares, and it still does not even after plaintiff's explanation. Defendant also appears to have shared the court's understanding, as it addressed the employer negligence claim as "involving [d]efendant's employment of Julia Phares" in its second motion to dismiss. (Doc. 18 at 8.)

Plaintiff cannot isolate stray remarks in his petition in an attempt to piece together a claim to circumvent the court's rulings. Again, the court does acknowledge plaintiff's pro se status and construes his pleadings liberally. But "the court shall not supply additional factual allegations to round out [plaintiff]'s claims or construct a legal theory on his behalf." *United States v. Jordan*, Nos. 06-40160-03-JAR, 12-4047-JAR, 2013 WL 328973, at *1 (D. Kan. Jan. 29, 2013) (citing *Whitney v. N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). There is no clear error here. And plaintiff has shown no manifest injustice.

Plaintiff has had ample opportunity to raise his claims, and—realizing his claims fail—now attempts to piece together another claim. Plaintiff has not shown one of the required bases for reconsideration. Accordingly, plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 30) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter Judgment (Doc. 32) is denied.

Dated this 10th day of January, 2014, at Kansas City, Kansas.

                                                s/ Carlos Murguia
                                                **CARLOS MURGUIA**
                                                **United States District Judge**