UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IVAN CHEN,                          )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )          Case No. 13-cv-2358-CM-TJJ
                                    )
DILLARD STORE SERVICES, INC.,       )
                                    )
                    Defendant.      )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant's Supplemental Memorandum in Support of its

Motion to Compel Discovery From Plaintiff (ECF No. 74).  On January 23, 2015, the Court

issued preliminary rulings on Defendant's oral motion to compel Plaintiff's responses to

Defendant's First Request for Production of Documents to Plaintiff and Plaintiff's answers to

Defendant's First Interrogatories to Plaintiff.[1]  The ruling permitted Defendant to supplement its

oral motion, and Defendant has now done so.  Pursuant to Fed. R. Civ. P. 37, Defendant asks the

Court to (1) bar Plaintiff from relying on certain documents, (2) exclude a witness and that

witness's affidavit, and (3) compel Plaintiff to provide the amount of his settlement in a prior

lawsuit or bar Plaintiff from asserting a claim for emotional distress damages.  As set forth

below, the Court grants Defendant's motion in part and denies it in part.

I.      **Relevant Background**

Defendant served its First Request for Production of Documents to Plaintiff and

Defendant's First Interrogatories to Plaintiff ("Defendant's Opening Discovery") on December

12, 2014.[2]  Plaintiff's responses, answers, and objections to Defendant's Opening Discovery

---

[1] *See* Clerk's Minute Sheet – Telephone Status Conference (ECF No. 69).

[2] *See* ECF No. 54.

were due on January 15, 2015.  In an email dated January 21, 2015 and through attachments

thereto, counsel for Defendant described her efforts to meet and confer with Plaintiff concerning

his failure to provide full and complete discovery responses.  Counsel expressed urgency in light

of the upcoming deposition of Plaintiff on February 2.  The undersigned Magistrate Judge held a

telephone conference to address the issues raised in the email message, which she construed as

an oral motion to compel Plaintiff's responses and answers to Defendant's Opening Discovery.

After finding that Plaintiff had failed to meet and confer as required by Fed. R. Civ. P. 37(a)(1)

and D. Kan. Rule 37.2, the Court made the following oral rulings which are reflected in the

Minute Sheet from the hearing:  by no later than noon on Monday, January 26, 2015, Plaintiff

shall:  (1) speak in person or by telephone with counsel for Defendant to discuss any objections

Plaintiff may have in response to Defendant's Opening Discovery (even though such objections

were due by January 15, 2015); (2) provide written, complete responses to Defendant's First

Request for Production numbers 6, 7, 12, 16, and 17 (including objections) and produce the

documents responsive thereto; and (3) provide complete supplemental answers (including

objections) to interrogatory numbers 2, 4 through 8, 12, and 14 through 16 of Defendant's First

Interrogatories.[3]

   The Court also stated that within one week of the completion of the depositions of

Plaintiff and his wife, counsel for Defendant would be permitted to supplement its motion to

compel.  The undersigned Magistrate Judge would thereafter issue a ruling on Defendant's

motion to compel, having considered Plaintiff's compliance with the order as of noon on January

---

[3] ECF No. 69 at 1-2.

26, 2015.  The Court cautioned Plaintiff that his failure to fully comply with the terms of the order could result in sanctions.[4]

Defendant timely filed its Supplemental Memorandum.

## II.      Specific Discovery Requests at Issue

In its Supplemental Memorandum, Defendant asserts that Plaintiff has yet to comply with his discovery obligations and the Court's order with respect to request numbers 12 and 16 of Defendant's First Request for Production of Documents.  Defendant also raises two new issues: the first relates to Plaintiff's response to request number 2 of Defendant's First Request for Production of Documents; the second arises from Plaintiff's refusal to answer questions during his deposition about his settlement in another lawsuit.

### A.  Request No. 12

Defendant seeks to have the Court enter an order barring Plaintiff from proving that he is a leading expert in the field of men's clothing by relying on any documents, including his own books, which would have been responsive to request number 12.  According to Defendant, Plaintiff raised no objection in response to request number 12, which requested "all documents identifying Plaintiff as a 'leading expert in the field' of men's clothing as alleged in paragraph 21 of the Complaint."[5]  In his response, however, Plaintiff stated that the best documents identifying him as such are the 13 books he has written, and he instructed Defendant how it could purchase the books.  On January 25, 2015, Plaintiff filed a Supplemental Response in which he stated that there is no document that can identify him or anyone else as a "leading expert in the field" because that is a matter of personal opinion, that he has no responsive documents other than his

---

[4] *Id.*

[5] Plaintiff's assertion that he is a leading expert in the field now appears in paragraph 32 of his Amended Petition (ECF No. 62).

books, and that he would seek direction from the Court about the books.  Plaintiff produced no additional documents by the January 26 deadline.  Defendant contends that Plaintiff's responses and actions should have the preclusive effect of barring him from introducing documents which Plaintiff asserts do not exist.

Plaintiff has a different interpretation of his statement that "there is no document that can identify" Plaintiff as a leading expert.  In his responsive brief, Plaintiff writes that "he was trying to be humble and modest.  The responses clearly indicate that plaintiff wishes to use his books to demonstrate his expertise on men's clothing."[6]  Plaintiff further asserts that on January 28, 2015 (two days after the deadline), he provided defense counsel with photocopies of excerpts of his books, and that Defendant has the financial resources to purchase the books.

The Court finds that insofar as Plaintiff complied with the Court's order to fully respond to request number 12 by the deadline, he is bound to his response that "there is no document that can identify plaintiff or any other person as a 'leading expert in the field.'"  Plaintiff did not timely produce books or any other documents to supplement his response, and therefore any other response would not comply with the Court's order to fully respond to request number 12 and to produce all responsive documents by the deadline.  Accordingly, the Court grants Defendant's motion to compel.  Plaintiff will not be permitted to introduce into evidence, refer to, or otherwise rely on any documents (including the books he has written) that might purportedly identify Plaintiff as a leading expert in the field of men's clothing as alleged in paragraph 32 of the Amended Petition.

**B.  Request No. 16**

---

[6] Plaintiff's Response to Defendant's Supplemental Memorandum in Support of its Motion to Compel Discovery from Plaintiff (ECF No. 80) at 6.

In request number 16, Defendant sought "all writings of Plaintiff regarding his factual account of his visits to Dillard's on July 13, 2012, August 13, 2012 and September 13, 2012, including correspondence to others, narratives, diary and journal entries, drafts of pleadings to be submitted to the AAA and to the court." Plaintiff raised a number of objections to the request, including that it is unduly burdensome, overly broad, and that the burden or expense of production outweighs the benefit.[7] In a letter dated January 15, 2015, Defendant took issue with Plaintiff's objections and asked Plaintiff to withdraw them and to produce responsive documents. In his supplemental response, Plaintiff stated that he was maintaining his objections, and he produced no responsive documents then or at any time before January 26.[8]

The Court overrules Plaintiff's objections to request number 16. The basis for his objection that it is unduly burdensome is that "[t]here are thousands of pages of writings." He does not identify these writings, where they are, or why it would be unduly burdensome to produce the writings for Defendant to inspect. Plaintiff objects that the request is overly broad because it is without limitation as to time, place, or subject matter. On the contrary, the request is quite specific. Plaintiff provides no foundation for his claim that producing responsive documents would be burdensome or expensive. Plaintiff's objections are wholly without merit.

Defendant describes one particular document that would be responsive to request number 16 but that Plaintiff has not produced; Plaintiff's contemporaneous memorialization of a July 13,

---

[7] *See* Plaintiff's Response to Defendant's First Set of Requests for Production of Documents (ECF No. 74-3) at 9.

[8] *See* ECF No. 74-4 at 5.

2012 telephone call with Tim Peterson.  Plaintiff now claims that he never made a note about that telephone call.[9]

 Defendant moves for an order barring Plaintiff from relying in summary judgment briefing and at trial on any documents that would have been responsive to request number 16.  Because the Court has overruled Plaintiff's objections and he produced no responsive documents by the January 26 deadline, the Court orders that Plaintiff will not be permitted to introduce into evidence, refer to, or otherwise rely on any writings by Plaintiff regarding his factual account of his visits to Dillard's on July 13, 2012, August 13, 2012, and September 13, 2012.

### C.  Request No. 2 and Witness Finter

In request number 2 of its First Request for Production of Documents, Defendant asked Plaintiff to produce "all communications with Steven Finter from January 1, 2010 to the present and all drafts of the Steven Finter Affidavit attached to Plaintiff's Complaint."  In his response, Plaintiff identified and produced copies of an email message dated December 20, 2014 from him to Finter and Finter's reply email.

Defendant contends that Plaintiff revealed during his deposition that he had not searched for documents responsive to request number 2 before he served his response.  Defendant bases its assertion on Defendant's inability to recall whether he received the executed copy of Finter's affidavit, which Plaintiff had drafted, by mail or by email.  In addition, Defendant asserts that Plaintiff failed to produce the draft of Finter's affidavit or the actual email he received from Finter; as to the latter, Defendant distinguishes the copy Plaintiff produced as coming from Finter's sent email as opposed to Plaintiff's received email.  Defendant asserts that Plaintiff's actions do not comply with his obligations under the rules of discovery or this Court's order, and

---

[9] *See* Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 84) at 3.

that as a consequence the Finter affidavit should be excluded from evidence and Finter should be excluded as a witness.

Plaintiff disagrees with Defendant's contentions, and asserts that several times during his deposition he stated that he had searched for email correspondence with Finter.  In its reply, Defendant does not dispute Plaintiff's representation as to his deposition testimony.

Defendant cites no case law to support its argument, and the Court finds that it overreaches. Plaintiff has produced the Finter affidavit and a copy of an email message he received from Finter, and has testified that he has no other responsive documents.  No indication exists that Plaintiff has intentionally destroyed documents in contravention of his discovery obligations or that he is refusing to produce additional documents.  Defendant's motion to compel is denied in that the Finter affidavit will not be excluded on this basis from evidence and Finter will not be excluded on this basis as a witness.  Plaintiff will not be allowed to introduce at trial any other documents responsive to this request that he has not already produced to Defendant.

### D.  The Amount of Plaintiff's Settlement in Earlier Lawsuits

Defendant seeks to compel Plaintiff to provide information about the amount of a settlement he received in a lawsuit filed against the Kansas City, Missouri Public School District. During Plaintiff's deposition, Defendant asked about the allegations in that case and Plaintiff agreed that he had sought damages for mental stress, humiliation, and other hardship.  Plaintiff also acknowledged that he had settled the case.  When Defendant asked Plaintiff to state the amount of the settlement, however, Plaintiff refused to answer and testified as follows:  "The federal court gave us strict – I don't know the mediator gave us a strict, you know, guidelines that we are not allowed to we don't have the liberty of discuss with anything with the that settlement."

Defendant asserts that the amount of the settlement is relevant because the claims Plaintiff made and damages he sought from the school district are similar to those in this lawsuit. Moreover, Defendant notes that in his Rule 26 disclosures, Plaintiff identified his wife as an individual with knowledge of Plaintiff's damages. When Defendant deposed Plaintiff's wife, she testified that Plaintiff's alleged damages in this lawsuit are largely the same damages he complained of in his action against the school district, and that the symptoms Plaintiff complains of started after his involuntary termination from the school district and have not worsened or improved over time. Defendant's position is that Plaintiff is unable to demonstrate that his claims against Dillard's give rise to new damages for which he has not already been compensated.

Plaintiff denies that the line of questions about his earlier lawsuit is relevant because while his original petition contained an emotional distress claim,[10] he amended his petition against the school district to remove any mention of emotional or mental distress. The documents Plaintiff provides reveal otherwise.[11] In any event, even if Plaintiff dismissed or withdrew those claims, it could be possible that the once-asserted claims are relevant to this case. The Court therefore examines Defendant's assertion of relevancy.

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. It provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who

---

[10] *See* ECF No. 80 at 17.

[11] *See id.* at 25 (Count 1 for race discrimination and harassment under the MHRA alleges ongoing damages in many forms including emotional pain, suffering, and mental anguish).

know of any discoverable matter."[12]  Relevancy is broadly construed, and a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party."[13]  Furthermore, "the touchstone of the relevancy of documents and information requested is not whether the discovery will result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'"[14]  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[15]

When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[16]  The Court finds that Plaintiff has not met his burden. The information about the amount of Plaintiff's settlement of his earlier case is relevant.

Plaintiff raises another issue by repeating the objection he made during his deposition, *i.e.* that he "was given strict instructions by the US District Court for the Western District of Missouri not to discuss with anybody about the settlement agreement with the school district."[17] Plaintiff has not produced a redacted version of the settlement agreement which might show a

---

[12] Fed. R. Civ. P. 26(b)(1).

[13] *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 586 (D. Kan. 2008).

[14] *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

[15] Fed. R. Civ. P. 26(b)(1).

[16] *Gen. Elect. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[17] ECF No. 80 at 3.

confidentiality provision, nor has he pointed to an order from the Western District of Missouri which supports his assertion.  The CM/ECF records in that case show no telephone or in-person conferences with the Magistrate Judge who presided over the case, and the case was disposed of via the parties' written stipulation of dismissal and the court's confirming order of dismissal.[18] Absent some support for Plaintiff's claim of confidentiality and having found that Plaintiff's objection is unfounded, the Court grants Defendant's motion to compel with respect to the amount of Plaintiff's settlement of his 2006 lawsuit against the Kansas City, Missouri School District.[19]

**IT IS THEREFORE ORDERED** that Defendant's Supplemental Memorandum in Support of its Motion to Compel Discovery From Plaintiff (ECF No. 74) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff will not be permitted to introduce into evidence, refer to, or otherwise rely on any documents (including books he has written) that would identify Plaintiff as a leading expert in the field of men's clothing as alleged in paragraph 32 of Plaintiff's Amended Petition.

**IT IS FURTHER ORDERED** that Plaintiff will not be permitted to introduce into evidence, refer to, or otherwise rely on any writings by Plaintiff regarding his factual account of his visits to Dillard's on July 13, 2012, August 13, 2012, and September 13, 2012.

**IT IS FURTHER ORDERED** that Defendant's motion to compel is denied with respect to the Finter affidavit and testimony.

---

[18] *Chen v. The School District of Kansas City, Missouri*, Case No. 4:06-cv-1039-JTM.  The parties filed their stipulation of dismissal on June 9, 2008 (ECF No. 37) and the court entered the order of dismissal the following day (ECF No. 38).

[19] Defendant requests that the Court further order that Plaintiff's failure to produce this information will result in an order barring Plaintiff from asserting a claim for emotional distress damages.  The Court declines to order such prospective relief at this time, but does put Plaintiff on notice that his failure to comply with the Court's order will result in sanctions.

**IT IS FURTHER ORDERED** that Defendant's motion to compel is granted with respect to the amount of Plaintiff's settlement of his 2006 lawsuit against the Kansas City, Missouri School District. **Within ten (10) days of the date of this Memorandum and Order, plaintiff shall serve on Defendant (1) a copy of his settlement agreement with defendant in *Chen v. The School District of Kansas City, Missouri*, Case No. 4:06-cv-1039-JTM (W.D. Mo.), or (2) a written document which contains the exact amount of the settlement.**

**IT IS SO ORDERED.**

Dated this 6th day of April, 2015 at Kansas City, Kansas.

s/  Teresa J. James
Teresa J. James
United States Magistrate Judge
