UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IVAN CHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-2358-CM-TJJ |
| ) | |
| DILLARD STORE SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Invalidate Deposition of Monica Chen (ECF No. 86). Plaintiff contends that Defendant's counsel made false statements to and intimidated his wife, Monica Chen, and that he was not afforded an opportunity to cross-examine her during the deposition or to later review the transcript. As a consequence, Plaintiff asserts that his wife's deposition is a "fraudulent document" that Defendant should be precluded from relying on in this case.[1] Defendant opposes the motion. The Court is aware of no authority that would permit this Court to grant Plaintiff the relief he seeks, and the Court finds that his motion is wholly devoid of factual support. Accordingly, the Court denies the motion.

## I.     Relevant Background

The Court is well aware that Plaintiff is proceeding pro se. Plaintiff is well aware that in representing himself he must follow the Federal Rules of Civil Procedure, the local rules of this Court, and the orders entered in this case. During the Scheduling Conference conducted by the undersigned Magistrate Judge on December 19, 2014, the Court (1) reminded Plaintiff of his obligation to make his initial Rule 26 disclosures to Defendant (the deadline for which had passed), (2) made certain that he understood that he had 30 days in which to respond to

---

[1] Plaintiff's Motion (ECF No. 86) at 6.

Defendant's opening discovery absent agreement or filing a motion before the deadline, and (3) referred Plaintiff to Fed. R. Civ. P. 11.  Following a January 23, 2015 telephone conference before the undersigned Magistrate Judge to address what the Court construed as Defendant's oral motion to compel, the Court found that Plaintiff had failed to cooperate with Defendant's counsel in her efforts to comply with the "meet and confer" obligations of Fed. R. Civ. P. 37(a)(1).  The Court set specific deadlines for Plaintiff to respond to Defendant's opening discovery to ensure that Defendant could be prepared for the agreed-upon depositions of Plaintiff and his wife, and permitted Defendant to supplement its motion to compel following the depositions.[2]  The Court also cautioned Plaintiff that his failure to fully comply with the terms of the Court's order could result in sanctions.  Following the depositions of Plaintiff and his wife, Defendant supplemented its motion to compel, alleging that Plaintiff had not complied with the Court's order to fully respond to Defendant's opening discovery and raising additional discovery issues that surfaced during the depositions.[3]  After full briefing, the Court granted the motion in part and denied it in part, finding that Plaintiff had once again failed to fully comply with the Court's orders and his Fed. R. Civ. P. 26 obligations regarding discovery.[4]

## II.     The Instant Motion

Plaintiff provides no authority by which the Court could "invalidate" Monica Chen's deposition, other than to state in conclusory fashion that Fed. R. Civ. P. 60(b)(3) allows a court to vacate a judgment on the basis or fraud, misrepresentation, or other misconduct and this Court

---

[2] *See* Clerk's Minute Sheet – Telephone Status Conference (ECF No. 69).

[3] Defendant's Supplemental Memorandum in Support of Its Motion to Compel Discovery from Plaintiff (ECF No. 74).

[4] *See* Memorandum and Order (ECF No. 91).

"definitely has its authority to vacate the deposition of Ms. Chen."[5] The absence of legal support provides sufficient basis for the Court to deny the motion. More troubling, however, is the lack of factual support for Plaintiff's motion. Not only does the record not support Plaintiff's contentions, but in large part it reveals that Plaintiff's contentions are wrong and the accusations he makes are unfounded. Plaintiff had the opportunity to review the transcript from his wife's deposition before he filed his motion, but he chose not to do so. Instead, he filed a motion rife with inaccurate statements, charging that his wife's deposition is a "fraudulent document."[6]

The Court has reviewed significant portions of the videotape deposition, which Defendant submitted to the undersigned Magistrate Judge for *in camera* review. The Court observed no instance in which defense counsel conducted the deposition in anything approaching an inappropriate, unethical, or deceptive manner. The Court observed no instance in which defense counsel yelled at the deponent, or even so much as raised her voice. As early as 9:39 a.m., counsel inquired of the deponent if she wanted to take a break because she seemed distressed. She repeated the question one minute later and, when Ms. Chen seemed not to know how to respond, counsel declared a break. The Court observed an open water bottle in front of the deponent before that break, and a closed water bottle in front of her for the duration of the deposition.

At the end of direct examination, Ms. Chen stated that she had done her very best to provide full and accurate testimony, and agreed that counsel had done nothing to impede Ms. Chen's ability to do so. Plaintiff then cross-examined his wife, during which counsel objected several times to the leading nature of his questions and to his testifying. Ms. Chen had testified

---

[5] Plaintiff's Motion (ECF No. 86) at 8.

[6] *Id.* at 6.

about certain events that took place in a shopping mall outside of a Dillard's store on July 13 and August 13, and during cross-examination Plaintiff strongly suggested that Ms. Chen was confused about what happened on the first of those dates. Ms. Chen then changed her testimony, agreeing that she had been confused. On redirect, counsel stated that she wanted to give Ms. Chen every opportunity to make sure that she was crystal clear about what happened on July 13, in the event that Plaintiff later attempted to file an affidavit to try to change her testimony. Ms. Chen replied that she was very sure.

In his Rule 26 disclosures, Plaintiff identified his wife as a person who may have knowledge of damages Plaintiff suffered. In addition, Plaintiff submitted three affidavits from his wife during discovery and with his Amended Complaint. Plaintiff should have realized that Defendant would depose his wife to inquire into the contents of her affidavits and her knowledge of Plaintiff's damages. The Court is sympathetic to Ms. Chen's situation. She had never before been deposed, she was being videotaped, and the subject matter of the questions was sensitive. The Court observed defense counsel conducting the deposition in a professional manner, however, and Plaintiff must accept the accuracy and finality of the deposition. Plaintiff's motion is unfounded.

### III.     Defendant's Request for Sanctions

As the background set forth above demonstrates, Plaintiff is well aware of his obligations in representing himself in this lawsuit, and the Court has had occasion to remind him more than once. Indeed, as recently as the in-person April 7, 2015 Pretrial Conference, the Court addressed this motion and directed Plaintiff not to misrepresent facts in his reply memorandum, and to correct any factual misstatements he may have made in the motion. The Court once again

reminded Plaintiff of his obligations under Rule 11 and the possibility of sanctions for failure to comply.

Defendant asks the Court to impose sanctions on Plaintiff under Fed. R. Civ. P. 11 and/or 28 U.S.C. § 1927 because Defendant did not have a good-faith basis for filing his motion. Defendant characterizes Plaintiff's motion as frivolous, harassing, and serving no legitimate purpose.  The record confirms that the factual contentions in Plaintiff's motion do not have evidentiary support, nor are the legal contentions warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.[7]  The Court is inclined to find that sanctions are appropriate, but such a ruling is premature.

Rule 11 requires that Defendant file a separate motion for sanctions which describes the specific conduct that allegedly violates Rule 11(b).[8]  Plaintiff must be afforded notice and a reasonable opportunity to respond.[9]  Accordingly, should Defendant intend to pursue its request for sanctions, it shall serve its motion on Plaintiff no later than **April 24, 2015.**  If Plaintiff does not withdraw or appropriately correct the instant motion **within 14 days after service**, Defendant may thereafter file its motion for sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Invalidate Deposition of Monica Chen (ECF No. 86) is **DENIED**.

**IT IS FURTHER ORDERED** that if Defendant intends to pursue a request for sanctions against Plaintiff under Fed. R. Civ. P. 11 with respect to the instant motion, it shall serve its motion on Plaintiff no later than **April 24, 2015.**  If Plaintiff does not withdraw or appropriately

---

[7] *See* Fed. R. Civ. P. 11(b).

[8] Fed. R. Civ. P. 11(c)(2).
[9] Fed. R. Civ. P. 11(c)(1).

correct the instant motion **within 14 days after service**, Defendant may thereafter file its motion for sanctions.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2015 at Kansas City, Kansas.

s/  Teresa J. James
Teresa J. James
United States Magistrate Judge
